IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY GARCIA,

    Petitioner,                    No. 2: 09-cv-0556 KJN P

   vs.                                 ORDER

WARDEN, et al.,

    Respondents.

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner alleges that he is challenging the legality of a Butte County conviction. However, as relief he seeks money damages. In particular, petitioner requests that he be paid money for every day he was wrongfully incarcerated. (Dkt. 1, p. 7 of 8.)

        The court cannot order money damages as relief in a habeas corpus action. For that reason, the court construes this as a civil rights action pursuant to 42 U.S.C. § 1983.

1

1  Moreover, court records reflect that petitioner has already filed a habeas corpus petition in this
2  court challenging his Butte County conviction, 2: 08-3099 GEB KJN P.
3         Turning to the merits of petitioner's claims, in Heck v. Humphrey, 512 U.S. 477,
4  114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for
5  damages.  Claiming that state and county officials violated his constitutional rights, he sought
6  damages for improprieties in the investigation leading to his arrest, for the destruction of
7  evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").
8  Convicted on voluntary manslaughter charges, and serving a fifteen-year term, plaintiff did not
9  seek injunctive relief or release from custody.  The United States Supreme Court affirmed the
10 Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

17 Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for
18 damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the
19 conviction or sentence has been invalidated, expunged or reversed.  Id.
20        Because petitioner's conviction has not been invalidated, expunged or reversed,
21 he cannot seek money damages concerning that conviction.  Accordingly, the petition is
22 dismissed.  Because this action has been construed as a civil rights action, petitioner may only
23 file an "amended" complaint if he can cure the pleading deficiencies discussed above.
24        Accordingly, IT IS HEREBY ORDERED that:
25    1. This action is construed as a civil rights action pursuant to 42 U.S.C. § 1983;
26    2. Petitioner's motion to proceed in forma pauperis is granted;

3. The petition is dismissed with twenty-eight days to file an amended complaint; failure to file an amended complaint will result in dismissal of this action.

DATED: July 20, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gar556.ord